UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS W. S. RICHEY,

    Petitioner,

v.

MIKE OBENLAND,

    Respondent.

CASE NO. C13-5231 BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION, DISMISSING PETITION AS TIME-BARRED, AND DENYING A CERTIFICATE OF APPEALABILITY

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 56), and Petitioner Thomas W.S. Richey's ("Richey") objections to the R&R (Dkt. 59).

**I. BACKGROUND**

Richey was in custody under a state court judgment and sentence that was entered in 1987 for his convictions, by plea, on one count of first-degree felony murder and one count of attempted first-degree murder. Dkt. 41, Exh. 1. On August 23, 2010, the state trial court entered an order correcting the judgment and sentence. *Id.*, Exh. 3. Richey appealed the new judgment. *Id.*, Exh. 5. The Washington Court of Appeals dismissed

the appeal holding the ministerial correction was unappealable as a matter of state law. *Id.*, Exh. 7. The Washington Supreme Court denied review, *Id.*, Exh. 11, and, on August 8, 2011, denied Richey's motion to modify, *Id.*, Exh. 13.

On August 18, 2011, Richey filed a petition for writ of habeas corpus directly in the Washington Supreme Court. *Id.*, Exh. 14. On April 12, 2012, the court dismissed the petition as time-barred. *Id.*, Exh. 20.

On March 27, 2013, Richey filed the instant petition in this Court. Dkt. 1. On November 12, 2014, the Ninth Circuit Court of Appeals concluded that the corrected judgment was a new, intervening judgment. Dkt. 34. On December 9, 2015, the Court declined to adopt an R&R recommending that the Court dismiss the petition as time-barred. Dkt. 50. That R&R concluded that Richey was effectively challenging his original judgment and, therefore, his petition was filed sixteen years after the relevant deadline. Dkt. 48 at 17–18. The Court rereferred the matter for further consideration. Dkt. 50.

On August 25, 2016, the instant R&R issued recommending that the Court deny the petition on the merits. Dkt. 56. On September 23, 2016, Richey filed objections. Dkt. 59. On November 16, 2016, the Court requested additional briefing on the timeliness of Richey's petition based on the new, intervening judgment and prejudice. Dkt. 61. On January 6, 2017, the state filed a supplemental response. Dkt. 64. On January 9, 2017, Richey filed a supplemental response. Dkt. 65. On January 17, 2017, both parties filed supplemental replies. Dkts. 66, 67.

## II. DISCUSSION

**A.    Statutory Tolling**

The federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). That limitations period is tolled, however, while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

In this case, Richey's State post-conviction petitions were not properly filed. Even if Richey's direct appeals of his new judgment were properly filed[1], the Washington Supreme Court denied Richey's motion to modify the ruling on his direct appeal on August 8, 2011. Richey had 90 days to file a petition for a writ of certiorari with the United States Supreme Court. *Clay v. United States*, 537 U.S. 522, 524 (2003). Richey did not do so, and the judgment became final on November 7, 2011. Richey then had one

---

[1] The State argues that Richey's judgment became final the day it was corrected because the state courts concluded that his direct appeals were time-barred. Dkt. 64 at 2–4. The Court concludes that this position is an extension of the authorities cited by the State because none of those authorities stand for this direct rule of law. There is authority for the proposition "that a state prisoner's failure to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine." *Wentzell v. Neven*, 2:10-CV-01024-RLH, 2015 WL 1344786, at *4 (D. Nev. Mar. 23, 2015), certificate of appealability denied (June 29, 2015) (citing *Coleman v. Thompson*, 501 U.S. 722, 73132 (1991)). The State, however, has failed to raise the affirmative defense of the adequate and independent state ground doctrine. *Id*.

year to file this petition for federal habeas relief. 28 U.S.C. § 2244(d)(1). Therefore, the time for filing this petition expired on November 7, 2012.

On March 27, 2013, Richey filed the instant petition in this Court. Dkt. 1. Richey argues that the one-year statute of limitations was tolled by his personal restraint petitions in state court. Dkt. 65 at 3–6. All of those petitions, however, were denied as time-barred. *See* Dkt. 48 at 5–13. Under binding precedent, time-barred state petitions do not toll ADEPA's limitations period. *Pace*, 544 U.S. at 414. While the Court recognizes Richey's arguments that the state court decisions are at odds with the Ninth Circuit decision as to the substantive issue of the controlling judgment, the Court concludes that this is a distinction without a difference because "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id*. Therefore, the Court concludes that Richey's petition is untimely and that he is not entitled to statutory tolling under § 2244(d)(2).

**B.      Equitable Tolling**

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id*. at 418.

In this case, Richey has failed to show that he is entitled to equitable tolling. The Court agrees with Richey that "[t]here can be little denying that [he] has been diligent in pursuing his rights . . . ." Dkt. 65 at 7. Richey, however, has failed to show that there was any extraordinary circumstance that stood in his way to prevent him from filing a protective federal petition before the ADEPA limitations period expired on November 7,

2012. *Pace* was binding precedent at that time and explicitly stated that a "prisoner seeking state postconviction relief might avoid this predicament, however, by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416. Moreover, a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id*. The state Supreme Court explicitly informed Richey that both his direct appeal and his collateral attack were time-barred. Dkt. 41, Exh. 13, 20. Under these facts, Richey fails to show reasonable confusion when his claim was fully exhausted and he was informed that any remedy was time-barred in state court. This is almost the opposite of an extraordinary circumstance preventing a federal filing in that the highest state court held that Richey was precluded from any further form of relief in state court. The only reasonable avenue left was to challenge the adverse state decision in federal court. Instead, Richey chose to repeatedly seek further relief in state court to his peril, and the Court is unable to conclude that this choice amounted to any type of preventative obstacle, much less an extraordinary obstacle.

Richey also argues that he was affirmatively misled by the state courts. The Ninth Circuit has held that, "where a petitioner was affirmatively misled to believe that her limitations period was being tolled under the statute, this inaccuracy could entitle her to equitable tolling." *Rudin v. Myles*, 781 F.3d 1043, 1058 (9th Cir. 2015), *cert. denied sub nom. Gentry v. Rudin*, 136 S. Ct. 1157 (2016) (citing *Sossa v. Diaz*, 729 F.3d 1225, 1232–35 (9th Cir. 2013)). In *Sossa*, a federal magistrate judge granted the petitioner an

extension of time to file an amended petition. *Id*. at 1228. Although petitioner filed an amended petition, the magistrate judge concluded that the amendments did not relate back to the original petition and, therefore, the amended petition was time-barred by 18 days even though the original petition was timely. *Id*. The Ninth Circuit reversed, concluding that the petitioner was entitled to equitable tolling because the magistrate judge affirmatively misled the petitioner by granting the motion for an extension of time. *Id*. at 1232–33 ("No litigant, *pro se* or otherwise, asks for an extension of time to file an untimely petition.").

In *Rudin*, the lower state court granted the petitioner relief on the merits, but the state Supreme Court reversed that judgment. *Rudin*, 781 at 1053. The federal district court dismissed the federal petition as time-barred concluding that the petitioner was not entitled to statutory tolling because, under *Pace*, an untimely petition is not a properly filed petition. *Id*. The Ninth Circuit reversed, concluding that the petitioner was affirmatively mislead by the lower state court granting the petition on the merits and the first time the petitioner became aware that her state petition was time-barred was when the state Supreme Court issued its opinion. *Id*. at 1058–59. The court also concluded that the petitioner did not have an adverse state decision to challenge until the higher court reversed the lower court and denied the state petition. *Id*.

In this case, Richey fails to show that he was affirmatively misled. Richey contends that, "[g]iven the state courts' consideration of the merits of his claims [in his habeas petitions], [he] had no reason to understand that the federal statute of limitations was continuing to run." Dkt. 65 at 8. This argument is undermined by the fact that

Richey had actual knowledge that his direct appeal and his post-conviction petitions were time-barred. For example, on April 12, 2012, the Washington Supreme Court commissioner stated that "Richey fails to assert any valid basis for avoiding the time bar on collateral attack or for reinstating his appeal." Dkt. 41, Exh. 20. Richey moved to modify that ruling, and, on June 5, 2012, the Washington Supreme Court denied the motion. *Id*., Exh. 22. Giving Richey the benefit of the doubt that his direct appeals were timely, he had almost four months from the date of the ruling that his state petition was time-barred to file a federal habeas petition before the deadline of November 7, 2012. There was no extraordinary circumstance preventing the filing of a federal petition during this period of time. Accordingly, the Court concludes that Richey has failed to show that he is entitled to equitable tolling.

**C.     Certificate of Appealability**

In order to receive a certificate of appealability, a petitioner must show that his claims are "debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

In this case, the Court concludes that Richey's claims are not debatable amongst jurists of reason. While he definitely presents strong arguments for the extension of current law and/or exceptions to current law, his claims fail under binding precedent. Accordingly, the Court denies Richey a certificate of appealability.

**III. ORDER**

The Court having considered the R&R, Richey's objections, and the remaining record, does hereby find and order as follows:

(1) The Court declines to **ADOPT** the R&R on the merits;

(2) The Court **DISMISSES** Richey's petition as time-barred;

(3) The Court **DENIES** Richey a Certificate of Appealability; and

(4) The Clerk shall enter **JUDGMENT** and close this case.

Dated this 18th day of March, 2017.

BENJAMIN H. SETTLE
United States District Judge