UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| THOMAS W. S. RICHEY, | CASE NO. C13-5231 BHS |
|---|---|
| Petitioner, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND A CERTIFICATE OF APPEALABILITY FOR THIS ORDER |
| v. | |
| MIKE OBENLAND, | |
| Respondent. | |

This matter comes before the Court on Petitioner Thomas Richey's ("Richey") motion for relief from judgment (Dkt. 70).

On April 18, 2017, the Court dismissed Richey's petition as time-barred because it was filed after the statute of limitations had run and he was not entitled to equitable tolling. Dkt. 68. On May 18, 2017, Richey filed the instant motion challenging the Court's conclusion regarding equitable tolling. Dkt. 70. The government did not respond.

A habeas petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In *Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), the Ninth Circuit "held that where a petitioner was affirmatively misled to believe that her limitations period was being tolled under the statute, this inaccuracy could entitle her to equitable tolling." *Rudin v. Myles*, 781 F.3d

1043, 1058 (9th Cir. 2015), *cert. denied sub nom. Gentry v. Rudin*, 136 S. Ct. 1157 (2016).

In this case, Richey argues that he was affirmatively misled by one order of the state trial court. Dkt. 70 at 2–5. In transferring his motion for relief from judgment to the court of appeals, the trial court stated that Richey's motion was "not time-barred." Dkt. 70-1 at 2. On May 29, 2012, the Washington Court of Appeals disagreed holding that Richey's motions were "frivolous and time-barred." Dkt. 70-2 at 4. The Court has concluded that "the time for filing [Richey's federal] petition expired on November 7, 2012." Dkt. 68 at 4. Thus, Richey was on notice of conflicting timeliness rulings over five months before his filing period expired. At most, this circumstance constitutes reasonable confusion. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Pace*, 544 U.S. at 416. In other words, conflicting state court decisions received within the applicable federal filing period does not constitute being affirmatively misled and is not an extraordinary circumstance that prevents the filing of a timely federal petition. Therefore, the Court **DENIES** Richey's motion for relief from judgment and **DENIES** a certificate of appealability for this order.

Dated this 12th day of June, 2017.

BENJAMIN H. SETTLE
United States District Judge